EXHIBIT "B"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In Re HAPAG LLOYD AKTIENGESELLSCHAFT, <br><br> Movant. | No. 8:21-mc-00015-DOC (JDE) <br><br> REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable David O. Carter, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.

## INTRODUCTION

On March 26, 2021, Hapag Lloyd Aktiengesellschaft ("Movant") filed an ex parte application for an order under 28 U.S.C. § 1782 ("§ 1782") authorizing discovery for use in a foreign proceeding (Dkt. 1, "Motion") with supporting exhibits and evidence (Dkt. 1-1 to 1-5, 2-1 to 2-10, 3).

Movant alleges that on November 30, 2020, a containership ("the Vessel") en route from Yantian, China, to Long Beach, California, lost 843 containers overboard with hundreds of others damaged onboard, for which Movant had issued bills of lading to cargo owners. Motion at 1-8 (original pagination used herein unless stated). Movant asserts it has already received claims from dozens of cargo shippers, owners, consignees, and insurers for lost and damaged cargo under those bills of lading. Id. at 6. Movant avers that it "expects litigation in Hamburg, Germany," asserting such venue is mandatory for most claims against Movant. Id. at 2 n.1; 6. Movant contends that depositions of the Vessel's officers "are necessary to collect and preserve crucial evidence about the voyage" but asserts that the Vessel's owners have refused Movant's request to investigate the incident. Id. at 3. Movant asserts that the Vessel will be in Long Beach, California, "briefly" starting on March 31, 2021, after which, Movant asserts it "may forever lose the opportunity to gather documents and depose the crew because once crew members sign off, there is a good chance that they will not return to the [Vessel]." Id. As a result, Movant "seeks an order for depositions and the production of documents and things as specified in attached subpoenas." Id.

Movant asks the Court to approve the issuance of: deposition subpoenas for the Vessel's (1) Master, (2) Chief Officer, (3) Officer of the Watch, (4) Chief Engineer, and (5) Second Engineer, to be taken on April 6, 7, or 8, 2021; (6) a records subpoena containing more than 130 categories of records, including electronically stored information ("ESI") requested all sought to be produced by April 6, 2021; (7) an order authorizing the inspection on April 6, 2021 "as needed" of several distinct areas of the Vessel, including authorizing "copying of relevant data and information" by a Marine Surveyor; and (8) an order authorizing Movant's "counsel and/or surveyor or other maritime expert

2

appointed by [Movant] to "remain on board the Vessel to expedite the compliance" with the order and subpoenas. See Dkt. 1-2 to 1-6; Dkt. 3.

On March 30, 2021, the Motion was referred to the assigned magistrate judge. Dkt. 4. As a ruling on the Motion could be construed as dispositive to the action, the Court proceeds under 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court recommends that the Motion be denied and the action be closed.

## II.
## STANDARD OF REVIEW

Under § 1782, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). The primary purpose of § 1782 is to provide federal courts judicial assistance in gathering evidence for use in a proceeding in a foreign or international tribunal. See Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004).

A district court may order production of discovery if three statutory requirements are satisfied: "(1) the application is made by a foreign or international tribunal or 'any interested person'; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the person or entity from whom the discovery is sought is a resident of or found in the district in which the application is filed." In re Dubey, 949 F. Supp. 2d 990, 992 (C.D. Cal. 2013) (quoting In re Bayer, 146 F.3d 188, 193 (3d Cir. 1998)). As to the first requirement, an "interested person" is not limited to a litigant in an existing action. See In re Sargeant, 278 F. Supp. 3d 814, 822 (S.D.N.Y. 2017) ("Section 1782 does not limit an 'interested person' to a litigant or someone holding a formal party status in litigation."). As to the second requirement, although proceedings need not be "pending" or "imminent," the statute does

3

require that the proceeding be "within reasonable contemplation." <u>Intel Corp.</u>, 542 U.S. at 258-59. Failure to show that the person from whom discovery is sought resides in or is found in the district "sinks [an] application." <u>Sargeant</u>, 278 F. Supp. 3d at 819. At a minimum, an order compelling discovery under § 1782 "must comport with constitutional due process" rights of the party against whom the order is sought. <u>Id.</u> at 819-20.

Even when those statutory requirements are met, district courts retain the discretion to deny § 1782 requests. <u>See</u> <u>Intel</u>, 542 U.S. at 264; <u>In re Premises Located at 840 140th Ave. NE</u>, 634 F.3d 557, 563 (9th Cir. 2011). In exercising that discretion, the court may consider a wide range of potentially applicable factors, including: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or court or agency abroad to the Court's assistance; (3) whether the request is an attempt to circumvent foreign proof gathering restrictions or other policies of the foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. <u>In re Premises Located at 840 140th Ave. NE</u>, 634 F.3d at 563 (citing <u>Intel Corp.</u>, 542 U.S. at 264-65).

### III.

### DISCUSSION

Here, the Court does not decide whether Movant has met the statutory requirements of § 1782, recommending instead that the Court deny the Motion in the lawful exercise of its discretion on the unique facts here.

As noted, even when the statutory requirements are met, courts retain discretion to deny § 1782 request. The first factor for courts to consider when deciding how to exercise that discretion is whether the person from whom discovery is sought is a participant in the foreign proceeding. If the person from whom discovery is sought is a participant in the foreign proceeding, then

4

the foreign tribunal can itself order the evidence produced. See Intel Corp., 542 U.S. at 264. Here, as noted, there is no foreign proceeding currently pending. On that limited basis, the first factor counsel marginally in favor of Movant. However, Movant's assertions that the Vessel and its owner "may not be parties" to anticipated future German proceedings and Movant "may lose the only opportunity to procure critical evidence" are facially uncertain and speculative. Motion at 12. The first factor marginally favors Movant only on the limited basis that there is no pending foreign proceeding.

The second factor considers whether the foreign tribunal is willing to consider the information sought. See In re Application of Joint Stock Co Raiffeinsenbank, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016). In reviewing this factor, the district court looks at whether "there is reliable evidence that the foreign tribunal would not make any use of the requested material," in which case "it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." In re Ex Parte Application Varian Med. Sys. Int'l AG, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) (internal quotation omitted). As noted, there is no pending foreign proceeding. Movant offers little evidence about the nature or character of any anticipated future proceeding, other than to state that most but not all of the claims against Movant would proceed in Hamburg, Germany. Motion at 2 n.1. As to the receptivity of German courts to the Court's assistance, Movant states "German counsel has advised [it] that the German tribunal will consider the evidence." Motion at 13 (citing Dkt. 2, Declaration of Crystal Kennedy ("Kennedy Decl."), ¶ 16). Stating that, "when evaluating whether foreign tribunals would accept U.S. assistance, courts look for 'authoritative proof that a foreign tribunal would reject evidence obtained with the aid of [§ 1782],'" Movant argues that "[t]here is no contrary evidence and certainly no 'authoritative proof'" that a German court would reject the

evidence. Motion at 12-13 (quoting <u>Siemens AG v. W. Dig. Corp.</u>, 2013 U.S. Dist. LEXIS 159266, at *7 (C.D. Cal. Nov. 4, 2013)). Movant also argues that "the burden of demonstrating that the foreign tribunal would be unreceptive to the evidence rests with the party opposing the application." Motion at 12-13. However, the evidence cited by Movant in support of its assertion that a German court would consider the evidence is a hearsay statement, recounted by a non-lawyer representative of Movant, that states that Movant "has been advised by German counsel that the German tribunal will consider this evidence," without specifying the name either of the "German counsel" who provided the advice or the representative at Movant who received the advice, nor does it state when such advice was given, or what "this evidence" refers to. The Court assigns no weight to such a vague, non-specific, hearsay statement, untethered to any of the several categories of discovery sought. Further, while it is true that the parties from whom Movant seeks discovery have not made any contrary showing, it is equally true that, from the record before the Court, Movant did not serve or provide notice of the Motion upon the owner of the Vessel, despite having ongoing communications with such owner. <u>See</u> Kennedy Decl. ¶¶ 12-13. Thus, to the extent Movant asks the Court to draw an adverse inference against the owner of the Vessel or the proposed deponents for not opposing a Motion about which they had no notice, the Court declines to do so.[1] Nonetheless, the Court cannot say that there is reliable evidence that a foreign tribunal would <u>not</u> use the material Movant seeks to obtain, and for that reason, the second factor marginally weighs in favor of Movant.

---

[1] In an email sent to chambers, Movant's counsel described the Motion as "unopposed." Such a description, when the concerned parties were not apparently given notice of or served with the Motion, is at a minimum highly misleading.

6

As to the third factor, Movant asserts it is not attempting to circumvent German proof gathering restrictions or policies. Motion at 14. In support, Movant again cites a portion of a non-lawyer's declaration that states "[Movant] is not aware of any legal authority in Germany that holds that foreign discovery is not allowed and is considered an end run around any prohibition on such discovery under German law." Motion at 13 (citing Kennedy Decl. ¶ 16). Movant has not shown that the declarant has any foundation to opine as to the nuance of German law here and, as a result, the Court affords the statement no weight. There thus is no evidence in support of or against the third factor.

Lastly, as to the fourth factor, the Court finds that it weighs heavily against granting the Motion. "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." In re Ex Parte Application of Qualcomm Inc., 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016). Here, the scope and breadth of the discovery sought by Movant, all to be conducted within roughly a week's time from the arrival of the Vessel, results in an undue burden upon the proposed deponents and the Vessel's owners and operators. The scope of the document subpoena is of virtually unfettered breadth, covering more than 130 categories of records, with compliance to be completed by April 6, 2021—four business days after the arrival of the Vessel in a foreign port. Similarly, the demand for an on-board inspection of the Vessel's cargo areas, bridge, wheelhouse, office, control room, engine room, engine control room, with downloads of ESI from data recorders, cargo computer programs, Vessel stability logs, weather routing systems, and all systems and related equipment and machinery relating to navigation, planning, propulsion, and auxiliary, facially imposes a substantial burden. Further, Movant's request that the Court direct that Movant's counsel,

surveyor, or expert be permitted to "remain on board the Vessel to expedite the compliance with the Court's order" is highly intrusive. Finally, the deposition subpoenas directed to the Vessel's officers who, if they indeed are in this District, would have just arrived from a lengthy period at sea, without a showing that such officers have relevant information, calling for depositions that, for some or all of them, may be in a foreign country, involving a foreign court system, and possibly a foreign language, on three or four business days' notice during a global pandemic, is highly burdensome. Rule 45(d) of the Federal Rules of Civil Procedure directs that a party serving a Rule 45 subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and directs that district courts "must enforce this duty." See Fed. R. Civ. P. 45(d)(1). Further, considering the extremely short notice period and the potential for language and other difficulties in consulting with and retaining counsel, an argument that the subpoenaed parties have recourse to filing a motion to quash the subpoenas is of little practical benefit here. The discovery sought here is unduly burdensome and intrusive and the factor weighs heavily against granting the Motion. See In re Fagan, 2019 WL 8011742, at *3 (C.D. Cal. May 10, 2019); In re Sargeant, 278 F. Supp. 3d at 823.

The fourth factor weighs heavily in favor of denying the Motion. In fact, the fourth factor, in the unique circumstances at issue here, weighs so heavily against granting the relief sought, it outweighs the other three factors, which at best marginally favor granting relief. Considering all the circumstances here, the Court should exercise its discretion to deny the Motion.

For the foregoing reasons, even if Movant is assumed to have met the statutory requirements for relief under 28 U.S.C. § 1782, an issue the Court does not reach, based on the record, it is recommended that the District Judge deny the Motion in the exercise of the Court's discretion.

8

## IV.

## RECOMMENDATION

IT THEREFORE IS RECOMMENDED that the District Judge issue an Order: (1) approving and accepting this Report and Recommendation; (2) Denying Movant's Motion; and (3) directing that this action be closed.

Movant may file any written objections within fourteen days of the filing of this Report and Recommendation and is encouraged to serve the Motion, supporting papers, and any objections, upon counsel for interested parties, if known.

Dated: April 02, 2021

_____
JOHN D. EARLY
United States Magistrate Judge

9