United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| In re Application of<br><br>Hapag-Lloyd AKTIENGESELLSCHAFT,<br><br>Applicant. | Case No. 21-mc-80107-LB<br><br>**ORDER AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS UNDER 28 U.S.C. § 1782**<br><br>Re: ECF No. 1 |

## INTRODUCTION

Hapag-Lloyd Aktiengesellschaft, which is a shipping company, applied ex parte under 28 U.S.C. § 1782 for discovery about what it characterizes as the worst shipping-container losses at sea, ever. The ship involved in the accident is docked in San Francisco Bay now and apparently rolled in November 2020, spilling hundreds of containers and damaging others. Hapag-Lloyd faces claims from the cargo owners and litigation in Germany.[1] The ship's owners — Chidori Ship Holding LLC and Jessica Ship Holding S.A. — opposed discovery on the grounds that they do not reside in this district, the requests are burdensome, Hapag-Lloyd's request for unfettered access to ESI and computers on the ship is inconsistent with the Federal Rules, and they are cooperating

---

[1] Application – ECF No. 1 at 8–9. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

with discovery and are in the process of producing more.² Hapag-Lloyd responded that it seeks discovery only from the vessel in this district and its requests are not burdensome.³

The parties do not dispute Hapag-Lloyd's general entitlement to discovery under § 1782 and contest only whether it is entitled to it here and whether the discovery is too broad. Given the representations about the additional production, the dispute may be moot. A shorter way of resolving any remaining issues is for the parties to follow the court's discovery-dispute procedures by conferring about their disputes and submitting a joint letter if they cannot resolve them.

## STATEMENT

The ship is a Japanese-flagged containership that is owned by Chidori Ship Holding, a Japanese limited-liability company, and chartered to Jessica Ship Holding, a Panamanian limited-liability company.⁴ Hapag-Lloyd had container slots on the ship, and the cargo owners sued it after the accident. It will defend the lawsuits against it in Germany, the mandatory forum designated on its bills of lading.⁵ After the accident, the ship docked in Kobe, Japan, and its owners allegedly blocked Hapag-Lloyd from investigating the accident. Relevant lashing equipment allegedly was removed from the ship, and Hapag-Lloyd was not allowed to photograph or view the ship. It is concerned about delay or destruction of relevant discovery.⁶

In April, when the ship docked in Long Beach, Hapag-Lloyd — as part of a case in the Central District — worked out a discovery plan with the owners and others.⁷ Then, on April 17, 2021, the ship left before the production was complete, and the Central District held that it no longer had jurisdiction over the ship and closed the case.⁸

---

² Opp'n – ECF No. 6 at 13–14.
³ Reply – ECF No. 7 at 3–4.
⁴ Application – ECF No. 1 at 11.
⁵ *Id.* at 12–14.
⁶ *Id.* at 14–15.
⁷ *Id.* at 7; Agreement (Exhibit C to Opp'n) – ECF No. 6-4.
⁸ Application – ECF No. 1 at 7–8.

The ship is anchored in San Francisco Bay and will be berthed in Oakland. Hapag-Lloyd wants discovery about the voyage at issue, permission to send technicians aboard "as needed" to extract information from the computer systems, and documents, including user manuals, vessel plans, the log book, reports about the accident, crew statements, communications not yet produced for the relevant time period, data files, and electronically stored information or documents about vessel motions, accelerations, and roll angles.[9]

## ANALYSIS

Hapag-Lloyd applies for discovery under 28 U.S.C. § 1782(a), which provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

A litigant in a foreign action qualifies as an "interested person" under § 1782. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004). In order to apply for discovery under § 1782, a formal proceeding in the foreign jurisdiction need not be pending or even imminent. *Id.* at 258–59. Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *Id.* at 259 (discovery was proper under § 1782 even though the applicant's complaint against the opposing party was in the investigative stage).

A district court has wide discretion to grant discovery under § 1782. *Id.* at 260–61. In exercising its discretion, a district court considers the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding," (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance," (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or

---

[9] Subpoena – ECF No. 1-1 at 6.

other policies of a foreign country or the United States," and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264–65.

A district court's discretion is to be exercised in view of the twin aims of § 1782: (1) providing efficient assistance to participants in international litigation and (2) encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004). There is no requirement that the party seeking discovery establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261–63.

When considering an application for discovery under § 1782, the court first considers whether it has the statutory authority to grant the request and then whether it should exercise its discretion to do so. *Lazaridis v. Int'l Ctr. for Missing & Exploited Child., Inc.*, 760 F. Supp. 2d 109, 112 (D.D.C. 2011) (citations omitted).

Hapag-Lloyd contends that it satisfies the statutory requirements of § 1782: the persons or entities reside in the Northern District of California; the discovery sought is "for use" in the German lawsuit; and it is an "interested person" in those proceedings. Chidori Ship Holding and Jessica Ship Holding dispute only the statutory requirement that they reside or are found in this district, noting that some of what Hapag-Lloyd seeks is not on the ship or in this district.[10] In its reply, citing *In re Mare Shipping Inc.*, Hapag-Lloyd counters that it wants discovery only from the ship and its crew, not discovery that is not here.[11] No. 13 Misc. 238, 2013 WL 5761104, at *3 (S.D.N.Y. Oct. 23, 2013).

Hapag-Lloyd's limitation of its application to evidence located in this district resolves the statutory issue. *Id.* In *Mare Shipping*, the court ordered discovery under § 1782 for information located in New York, even though the real party of interest was the Kingdom of Spain. *Id.* Another court in this district granted a similar ex parte request under § 1782 for discovery from the same ship

---

[10] Opp'n – ECF No. 6 at 13.

[11] Reply – ECF No. 7 at 3 (citation omitted).

ORDER – No. 21-mc-80107-LB    4

1 for the same accident. (The applicants there were Roanoke Insurance Group and W.E. Cox Claims Group, and the anticipated litigation is in South Korea, Singapore, and Germany.) *In re Roanoke Ins. Grp. Inc.*, No. 21-mc-80110-JCS, ECF No. 6 at 5–6 (May 4, 2021). And the parties do not dispute that discovery is generally appropriate under the discretionary *Intel* factors.

Chidori Ship Holding and Jessica Ship Holding also made burden and scope objections. These objections may be moot: they said that they were making an additional production that would satisfy Hapag-Lloyd's subpoena.[12] If the dispute is not moot, then there is a live dispute still.

Courts look to the Federal Rules of Civil Procedure to determine the proper scope of discovery in a § 1782 application. *In re Letters Rogatory from the Tokyo Dist. Prosecutor's Off.*, 16 F.3d 1016, 1019–20 & n.3 (9th Cir. 1994); *Knaggs v. Yahoo! Inc.*, No. 15-MC-80281-MEJ, 2016 WL 3916350, at *7 (N.D. Cal. July 20, 2016) (collecting cases). An applicant thus must show that the discovery is relevant to the claims and defenses in the foreign tribunal. *Rainsy v. Facebook, Inc.*, 311 F. Supp. 3d 1101, 1110 (N.D. Cal. 2018). Under the *Intel* test, "unduly intrusive or burdensome requests may be rejected or trimmed." 542 U.S. at 265. Requests are "unduly intrusive and burdensome where they are not narrowly tailored, request confidential information[,] and appear to be a broad 'fishing expedition' for irrelevant information." *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016); *In re Gemeinshcaftspraxis Dr. Med. Schottdorf*, No. Civ. M19-88 (BSJ), 2006 WL 3844464, at *8 (S.D.N.Y. Dec. 29, 2006) (courts must look at whether the discovery requested is "sufficiently tailored to the litigation issues for which production is sought.").

If there are any scope-of-production issues, the parties must confer and raise them in a joint letter brief (as described in the court's standing order, attached).

## CONCLUSION

This disposes of ECF No. 1. Any further disputes may be raised in a joint letter.

**IT IS SO ORDERED.**

Dated: May 12, 2021

LAUREL BEELER
United States Magistrate Judge

---

[12] Opp'n – ECF No. 6 at 10–11.